**Daniel P. Larsen**, OSB No. 943645
E-mail: dlarsen@buchalter.com
**BUCHALTER,** A Professional Corporation
805 SW Broadway, Suite 1500
Portland, Oregon 97205
T (503) 226-8431

**Thomas J. Speiss, III** (*pro hac vice pending*)
E-mail: tspeiss@buchalter.com
**BUCHALTER,** A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, California 90017-2457
T (310) 256-8496

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **GREEN BUILDING INITIATIVE, INC.**, an Oregon non-profit corporation, <br><br> Plaintiff, <br><br> v. <br><br> **GREEN GLOBE INTERNATIONAL, INC.**, a Delaware corporation; **STEVEN R. PEACOCK**, an individual residing in California; **GREEN GLOBE LIMITED**, a company of the United Kingdom; **GREEN CERTIFICATIONS, INC.**, a California corporation; and, DOES 1-10, inclusive, <br><br> Defendants. | Case No. 3:24-cv-00298 <br><br> **COMPLAINT** <br> (Federal Trademark Infringement; Federal Unfair Competition; Breach of Contract; and, Unfair and Deceptive Trade Practices) <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Green Building Initiative, Inc. ("Plaintiff" or "GBI") states the following for its

Complaint against defendants Green Globe International, Inc.; Steven R. Peacock; Green Globe

Limited; and Green Certifications, Inc.

## I.    INTRODUCTION

1.    Plaintiff is an international 501(c)(3) nonprofit organization whose core mission is

"To improve the built environment's impact on climate and society."

2.    Plaintiff was founded in 2004 and is headquartered in Portland, Oregon. It is an

approved American National Standards Institute ("ANSI") Standards Developing Organization

("SDO").

3.    Plaintiff owns the following U.S. service mark registrations (the

"GREEN GLOBES® Marks"), each of which has been renewed and is incontestable.

   a.    GREEN GLOBES, United States Trademark Reg. No. 3549715, registered in

       International Classification ("IC") No. 042, for "Providing temporary use of

       online non-downloadable software for evaluating, rating, comparing, certifying,

       and/or improving the efficiency, sustainability, and environmental performance of

       both new and existing buildings." (A true and correct copy of this Registration

       Certificate is attached hereto and incorporated herein by this reference as **Ex. 1**.)

   b.    GREEN GLOBES (and design), United States Trademark Reg. No. 3549714,

       registered in IC No. 042, for "Providing temporary use of online non-

       downloadable software for evaluating, rating, comparing, certifying, and/or

       improving the efficiency, sustainability, and environmental performance of both

       new and existing buildings." (A true and correct copy of this Registration

       Certificate is attached hereto and incorporated herein by this reference as **Ex. 2**.)

4.      Continuously since 2004, as further alleged below, Plaintiff has extensively and successfully developed, promoted, advertised, marketed and provided to the public under the GREEN GLOBES® Marks its assessment and certification services to evaluate the environmental sustainability of buildings. As a result of these efforts, individuals and organizations who are actual or potential consumers of such services have come to identify Plaintiff and the services offered under its GREEN GLOBES® Marks as the industry leader, and to recognize certification under the GREEN GLOBES® Marks to demonstrate and affirm an owner and occupant's commitment to sustainability and environmental, social, and corporate governance ("ESG") goals.

5.      In or about 2009, Plaintiff discovered that defendant Green Globe International, Inc. ("GG International") was offering and providing to the public, assessment and certification system services to evaluate the environmental sustainability of buildings in competition with Plaintiff under its substantially identical, unregistered service mark GREEN GLOBE (the "Infringing GREEN GLOBE Mark").

6.      On October 2, 2009, Plaintiff filed a civil action against GG International in the U.S. District Court for the District of Oregon, Case No. 3:09-cv-01167-KI (the "Oregon Action"). The Oregon Action alleged, *inter alia*, infringement of the GREEN GLOBES® Marks and related claims for violation of the Lanham Act, false designation, false advertising, unfair competition, and intentional interference with prospective business relations.

7.      On or about November 22, 2010, Plaintiff and GG International executed a Settlement Agreement in the Oregon Action, which was signed by defendant Steven R. Peacock ("Peacock") as President of GG International (the "Agreement"). On November 29, 2010, the Parties filed a Consent Decree and Judgment ("Consent Decree"), which was signed by Peacock as the CEO of GG International and entered by the court in the Oregon Action. True and correct

copies of the Consent Decree and Agreement, which are Docket Nos. 22 and 22-1 in the Oregon Action, are attached hereto and incorporated herein as **Exs. 3** (Agreement) and **4** (Consent Decree).

8.      Plaintiff has discovered that GG International has blatantly breached and willfully disregarded its unequivocal obligations pursuant to the Agreement and Consent Decree and has infringed and violated Plaintiff's rights under the Lanham Act and other applicable laws (the "Infringing Conduct"), as further alleged below. Plaintiff is informed and believes, and upon such information and belief alleges, that GG International has carried out its Infringing Conduct in concert, collaboration and coordination with defendants Peacock, Green Globe Limited ("GG Limited") and Green Certifications Inc. ("Green Certifications") (collectively, "Defendants"), and therefore that each of the Defendants is individually, jointly and severally liable to Plaintiff for these infringing and unlawful acts.

9.      On or about <u>July 27, 2023</u>, Plaintiff discovered that Defendant Green Certifications was marketing its services as certification for "sustainable operation and management of hotels, resorts, conference centres and attractions" under the Infringing GREEN GLOBE Mark within the U.S., in direct violation of the Agreement and Plaintiff's trademark rights, when its customer, Varia US Properties, was actually confused between the services offered by GBI under the GREEN GLOBES® Marks and the services offered by Defendants under the Infringing GREEN GLOBE Mark.

10.     Further, Plaintiff has discovered that Defendants:

a.      Have offered, and may continue to offer, a "net zero" program under the Infringing GREEN GLOBE Mark in the U.S., in direct completion with Plaintiff's own GREEN GLOBES® "net zero" program, which is offered to U.S.-based consumers;

BN 8094848

b.      Falsely advertise their competing services under the Infringing

GREEN GLOBE Mark as "… the world's leading certification for sustainable operation and

management of travel & tourism worldwide. We certify hotels, resorts, conference centres

and attractions, (amongst other industries), making them the most secure & sought after

tourism businesses around the world." (*See*, *e.g*., a copy of the relevant portion of

Defendants' website, a true and correct copy of which is attached hereto and incorporated

herein as **Ex. 5**.); and,

c.      In violation of the Agreement, Defendants' websites, which include, but

are not limited to, www.greenglobeint.com and www.greenglobe.com, fail to include the

"landing page" as mandated by the Agreement, at **Ex. B**, Para. No. 1 (*see* **Ex. 3**), which states

in pertinent part: "www.greenglobeint.com is the domain and website GG International owns

and operates, provided, however, if other domains or websites are determined to come within

the Settlement Agreement Remedial Action, such sites shall also be subject to this Action

Plan"; further, Defendants have failed to transfer to Plaintiff the website URLs as mandated

by the Agreement.

11.      Defendants' use of the Infringing GREEN GLOBE Mark in connection with their

directly competing services, together with their related multiple, material violations of the

Agreement and Consent Decree, as further alleged below, have caused and, unless enjoined, will

continue to cause consumer confusion and to deceive the public regarding the source, sponsorship,

or affiliation of Defendants' competing services, resulting in serious and irreparable harm, damage,

injury and loss to Plaintiff and its extremely valuable GREEN GLOBES® Marks, and unjust

profits to Defendants.

## II.    PARTIES

12.    Plaintiff is a non-profit corporation organized and existing under the laws of the State of Oregon, having its principal place of business at 7805 SW 40th Ave. #80010, Portland, Oregon 97219.

13.    Plaintiff is informed and believes and thereon alleges that defendant GG International is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 8700 E. Pinnacle Rock Road, Suite 210, Scottsdale, Arizona 85255.

14.    Plaintiff is informed and believes and thereon alleges that defendant Peacock is an individual residing at 16021 El Tae Road, Pauma Valley, California 92061-1600, and conducting business in San Diego County, California.

15.    Plaintiff is informed and believes and thereon alleges that defendant GG Limited is a company organized and existing under the laws of the United Kingdom and conducting business in San Diego County, California. Plaintiff further is informed and believes and thereon alleges that Peacock is the Managing Director of GG Limited.

16.    Plaintiff is informed and believes and thereon alleges that defendant Green Certifications is a corporation organized and existing under the laws of the State of California, having a principal place of business at 1223 Wilshire Blvd., Suite 925, Santa Monica, California 90403.

## III.    JURISDICTION AND VENUE

17.    This Court has original subject matter jurisdiction over the claims for violation of the Lanham Act under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338(a).

18.     This Court has supplemental jurisdiction over the claims for breach of contract and unfair trade practices under 28 U.S.C. § 1367(a), as those claims are so related to the claims within the Court's original jurisdiction that it forms part of the same case or controversy.

19.     This Court has personal jurisdiction over GG International because it is a party to the Consent Decree and has submitted itself to the jurisdiction of this Court for its violations of the Agreement and Consent Decree.

20.     Plaintiff is informed and believes and on that ground alleges that this Court has personal jurisdiction over Defendants Peacock, GG International, GG Limited and Green Certifications because each of these Defendants performed the culpable acts alleged herein and knowingly caused harm and injury to Plaintiff within the State of Oregon, particularly including by their display and promotion of the Infringing GREEN GLOBE Mark on the Internet freely accessible in the State of Oregon, with knowledge that the brunt of the harm to Plaintiff by Defendants' infringement would be felt by Plaintiff in Oregon.

21.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions giving rise to Plaintiff's claims and the harm suffered by Plaintiff from those acts and omissions occurred in this District.

## IV.    FACTS COMMON TO ALL CLAIMS FOR RELIEF

### A.    Plaintiff's Industry Leading Services Under Its GREEN GLOBES® Marks

22.     Since at least as early as December 31, 2004, Plaintiff has continuously marketed, administered, and further developed under its GREEN GLOBES® Marks, its assessment and certification systems to evaluate the environmental sustainability of buildings. These services include providing temporary use of GREEN GLOBES® online non-downloadable software for

evaluating, rating, comparing, certifying, and/or improving the efficiency, sustainability, and environmental performance of buildings.

23.     The primary objectives and principles of Plaintiff, which can be accessed at its Internet Website https://thegbi.org/, are to:

a.     Decrease carbon emissions and support growth of carbon neutral buildings;

b.     Improve water efficiency through strategies that include reducing consumption, increasing recycling, and using alternative sources of water;

c.     Promote health and well-being through excellence in planning for design, construction, use, accessibility, operations, maintenance, and low impact deconstruction of buildings;

d.     Pursue the goal of zero waste using life-cycle thinking to reduce, reuse, recover, and recycle while emphasizing responsible design, production, purchasing, and consumption;

e.     Support the use and advancement of smart buildings and other technology in achieving sustainability, health, and resilience objectives;

f.     Provide quality education that supports a diverse, equitable, and inclusive workforce for all levels of learners;

g.     Foster respectful and inclusive communities where transparency, consensus, due process, diversity, equity, inclusivity, openness, and innovation are guiding tenets; and,

      h.     Encourage collaborative reporting on environmental, social, and governance (ESG) objectives and U.N. Sustainable Development Goals ("SDG"s) toward collective action and achievement of positive, measurable impacts.

      24.     The U.S. Environmental Protection Agency has identified and endorsed Plaintiff's services offered under the GREEN GLOBES® Marks as a "series of rating and certification systems that encourage improved environmental and health performance for all types of buildings." Further, the U.S. General Services Administration recognizes Plaintiff's GREEN GLOBES® services as one of only five building certification systems "most likely to encourage a comprehensive and environmentally sound approach to certification of high-performance buildings."

      25.     Plaintiff's services under the GREEN GLOBES® Marks comprise a science-based, three-in-one building rating system that evaluates the environmental sustainability, health and wellness, and resilience of commercial buildings and portfolios, including but not limited to: (a) commercial buildings such as office buildings, retail buildings, hotels/resorts, and entertainment facilities; (b) institutional buildings such as schools and hospitals; and, (c) multifamily residential buildings such as apartments and condominiums.

      26.     Through substantial investment, promotional efforts, superior business conduct, and continuous use of the GREEN GLOBES® Marks, Plaintiff has developed and maintains market leading recognition and customer goodwill throughout the United States. The GREEN GLOBES® Marks have become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of Plaintiff, its high-quality services, and its goodwill with respect to its GREEN GLOBES® Marks services.

27.     To date, over 635,000,000 square feet of building space has received GREEN GLOBES® certification. Major consumers of Plaintiff's GREEN GLOBES® certification services include Fidelity Investments, Walker & Dunlop, MGM International, CBRE, Ernst & Young, and UPS. Further, the services offered under the GREEN GLOBES® Marks are mentioned by name in legislation in the State of Illinois; the State of Virginia; Miami-Dade County, Florida; the City of Baltimore, Maryland; the City of Denver, Colorado; and, other jurisdictions as an approved sustainable building assessment and certification system.

**B.    Defendants' Use of the Infringing GREEN GLOBE Mark.**

28.     As discussed in Paragraph 7 above, on or about <u>November 22, 2010</u>, Plaintiff and GG International executed the Agreement and, shortly thereafter, on <u>November 29, 2010</u>, the Parties executed and filed the Consent Decree and the Consent Decree was then entered as the Order.

29.     Upon information and belief, Peacock at the relevant times was a shareholder, member of the Board of Directors and Chief Executive Officer of GG International. Defendant Peacock signed the Agreement as "President" and signed the Consent Decree as "CEO" of GG International (*See* **Exs. 3** and **4**.)

30.     Paragraph 3 of the Consent Decree states:

> "Except for Permitted Use, as defined … in Paragraph 5 below, Defendant [is] permanently restrained and enjoined from using any name, term, phrase, mark, device or symbol which resembles or is similar to Plaintiff s Marks, including but not limited to GREEN GLOBE and GREEN GLOBES®, to engage in environmental or sustainability related assessment or certification of **building design** or **building operations** in the U.S. or engage in any other commercial activities in the U.S. that are likely to cause consumer confusion." (*See* **Ex. 4**; emphasis added.)

31.     Paragraph No. 1(b) of the Agreement states,

Use is permitted in connection with providing of environmental or sustainability related services inside the United States **provided such use excludes assessment or certification of building design or building operation in the United States**…. (*See* **Ex. 3**; emphasis in original.)

32.     Upon information and belief, GG Limited claims to own the Infringing GREEN GLOBE Mark, and Peacock is the Managing Director and owns more than 75 percent of the shares of GG Limited.

33.     Upon information and belief, Peacock and/or GG Limited and/or GG International has purported to license and/or authorize the use of the Infringing GREEN GLOBE Mark by Green Certification for use in the U.S. in connection with a series of rating and certification systems that encourage improved environmental and health performance for all types of buildings. Upon information and belief, Green Certification has used and continues to use the Infringing GREEN GLOBE Mark in U.S. commerce in connection with services in competition with Plaintiff.

34.     Upon information and belief, each of the Defendants is a party to or has knowledge and is on notice of the Agreement and Consent Decree, and in doing the acts alleged herein has acted in active concert or privity with GG International, and therefore each is subject to the permanent injunction in Paragraph 3 of the Consent Decree, as quoted in Paragraph 30 above.

35.     Defendants' use of the Infringing GREEN GLOBE Mark in connection with a certification program for sustainable operation and management of hotels, resorts, conference centers and attractions, as well as other green businesses in the U.S., flagrantly violates the permanent injunction imposed by the Consent Decree, and has caused, and if not enjoined is

likely to continue to cause confusion, mistake, or deception within the marketplace with respect to the association of Defendants to Plaintiff, as well as the origin, sponsorship, or approval of Defendants' services under the Infringing GREEN GLOBE Mark.

## FIRST CLAIM FOR RELIEF
### Federal Trademark Infringement

36.    Plaintiff repeats and incorporates by reference the allegations set forth in paragraphs 1 through 35 hereof, inclusive.

37.    Defendants' use of the Infringing GREEN GLOBE Mark to market substantially identical and confusingly similar services to those offered by Plaintiff under the GREEN GLOBES® Marks violates 15 U.S.C. § 1114, as it has caused actual confusion and is likely to continue to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' services marketed under the Infringing GREEN GLOBE Mark emanate from, are associated or connected with, or have the sponsorship, endorsement or approval of, Plaintiff.

38.    Plaintiff is entitled to recover its actual damages caused by Defendants' infringement of the GREEN GLOBES Marks, together with disgorgement of Defendants' unjust profits realized from such infringement.

39.    Defendants' infringing activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and will cause irreparable injury and damage to Plaintiff's goodwill and reputation associated with its GREEN GLOBES® Marks, for which Plaintiff has no adequate remedy at law, entitling Plaintiff to injunctive relief.

40.    Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the GREEN GLOBES® Marks to Plaintiff's great and

BN 8094848

irreparable harm. This action therefore constitutes an exceptional case, entitling Plaintiff to recover enhanced profits and damages and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

**SECOND CLAIM FOR RELIEF**
**Federal Unfair Competition**

41.     Plaintiff repeats and incorporates by reference the allegations set forth in paragraphs 1 through 35 and 37 through 40 hereof, inclusive.

42.     Defendants' use of the Infringing GREEN GLOBE® Mark has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' services are marketed, affiliated, connected, or associated with Plaintiff, or have the sponsorship, endorsement or approval of Plaintiff.

43.     Defendants have made false representations, false descriptions, and false designations of its services in violation of 15 U.S.C. § 1125(a). Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Plaintiff's goodwill and reputation as embodied in the GREEN GLOBES® Marks, for which Plaintiff has no adequate remedy at law.

44.     Defendants' actions demonstrate an intentional, willful and malicious intent to trade on the goodwill associated with the GREEN GLOBES® Marks to the great and irreparable injury of Plaintiff.

45.     Defendants' conduct has caused, and is likely to continue causing, substantial injury the public and to Plaintiff. Plaintiff is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

Page 13  COMPLAINT

BN 8094848

## THIRD CLAIM FOR RELIEF
### Breach of Contract

46.     Plaintiff repeats and incorporates by reference the allegations set forth in paragraphs 1 through 35, 37 through 40, and 42 through 45 hereof, inclusive.

47.     The Consent Decree is a valid and enforceable order and judgment of the Oregon District Court, and the Agreement is a valid contract.

48.     The Agreement is supported by adequate consideration, and Plaintiff has performed all duties and obligations imposed on it by that Agreement, except to the extent that such performance was prevented or excused by the conduct of Defendants.

49.     Defendants have willfully and knowingly violated the Consent Decree and breached the Agreement by engaging in the acts complained of in this Complaint.

50.     Plaintiff has suffered actual damages in an amount according to proof as a proximate consequence of Defendants' breaches of the Agreement.

## FOURTH CLAIM FOR RELIEF
### Unfair and Deceptive Trade Practices

51.     Plaintiff repeats and incorporates by reference the allegations set forth in paragraphs 1 through 35, 37 through 40, 42 through 45, and 47 through 50 hereof, inclusive.

52.     Defendants have and are passing off their services in a manner similar to Plaintiff, creating a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Defendants' services.

53.     Defendants' deceptive conduct creates a likelihood of confusion as to Defendants' connection, sponsorship, approval, or certification from Plaintiff in a manner damaging to Plaintiff's goodwill.

BN 8094848

54.     Defendants' conduct constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of the Unlawful Trade Practices Act, ORS 646.608(1) and 646.638.

55.     Defendants' continued use of the Infringing GREEN GLOBE® Mark continues to benefit Defendants and has caused and is likely to continue to cause substantial injury to Plaintiff and its customers. Plaintiff is entitled to injunctive relief, and reasonable attorneys' fees per ORS 646.638(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

1.     Each of the Defendants, and all agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through or under authority from any Defendant, or in concert or participation with any Defendant, be enjoined from:

    a.     using the GREEN GLOBES® mark or any other copy, reproduction, colorable imitation, or simulation of the GREEN GLOBES® mark, including GREEN GLOBE, on or in connection with Defendants' services;

    b.     using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendants' services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to the GREEN GLOBES® mark;

    c.     using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendants' services that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are

produced or provided by Plaintiff, or are sponsored or authorized by Plaintiff, or are

in any way connected or related to Plaintiff;

     d.    using any trademark, name, logo, design, or source designation of any

kind on or in connection with Defendants' services that dilutes or is likely to dilute

the distinctiveness of Plaintiff's GREEN GLOBES® mark; and,

     e.    passing off, palming off, or assisting in passing off or palming off

Defendants' services as those of Plaintiff, or otherwise continuing any and all acts of

unfair competition as alleged in this Complaint.

     2.    Defendants be ordered to cease offering for sale, marketing, promoting, and

selling, to remove from circulation all services bearing a confusingly similar imitation of the

GREEN GLOBES® mark, including but not limited to, any wholesaler, distributor, retailer,

consignor, or marketer, and also to deliver to each customer a copy of this Court's order as it

relates to said injunctive relief against Defendants;

     3.    Defendants be compelled to account to Plaintiff for any and all profits derived by

Defendants from the sale of its GREEN GLOBE services as described in this Complaint;

     4.    Plaintiff be awarded all damages caused by the acts forming the basis of this

Complaint;

     5.    Based on Defendants' knowing and intentional use of the GREEN GLOBES®

mark and confusingly similar imitations of the GREEN GLOBES® mark, the damages awarded

be trebled and the award of Defendants' profits be enhanced as provided for by

15 U.S.C. § 1117(a);

     6.    Defendants be required to pay to Plaintiff the costs of this action and Plaintiff's

reasonable attorneys' fees pursuant to the terms the Consent Decree;

BN 8094848

7.    Plaintiff be awarded prejudgment and post-judgment interest on all monetary awards; and,

8.    Plaintiff have such other and further relief as the Court may deem just.

DATED: February 14, 2024.                BUCHALTER, A Professional Corporation

                                         By:  *s/ Daniel P. Larsen*
                                              **Daniel P. Larsen**, OSB No. 943645
                                              E-mail: dlarsen@buchalter.com
                                              **BUCHALTER,** A Professional Corporation
                                              805 SW Broadway, Suite 1500
                                              Portland, Oregon 97205
                                              T (503) 226-8431

                                              **Thomas J. Speiss, III** (*pro hac vice pending*)
                                              E-mail: tspeiss@buchalter.com
                                              **BUCHALTER,** A Professional Corporation
                                              1000 Wilshire Boulevard, Suite 1500
                                              Los Angeles, California 90017-2457
                                              T (310) 256-8496

                                              Attorneys for Plaintiff

## JURY TRIAL DEMAND

Plaintiff respectfully demands a trial by jury on all claims and issues so triable.

DATED: February 14, 2024.                BUCHALTER, A Professional Corporation

                                         By:  *s/ Daniel P. Larsen*
                                              **Daniel P. Larsen**, OSB No. 943645
                                              E-mail: dlarsen@buchalter.com
                                              **BUCHALTER,** A Professional Corporation
                                              805 SW Broadway, Suite 1500
                                              Portland, Oregon 97205
                                              T (503) 226-8431

                                              **Thomas J. Speiss, III** (*pro hac vice pending*)
                                              E-mail: tspeiss@buchalter.com
                                              **BUCHALTER,** A Professional Corporation
                                              1000 Wilshire Boulevard, Suite 1500
                                              Los Angeles, California 90017-2457
                                              T (310) 256-8496

                                              Attorneys for Plaintiff

BN 8094848