**Daniel P. Larsen**, OSB No. 943645
Email: dlarsen@buchalter.com
**David A. Bernstein**, OSB No. 235633
Email: dbernstein@buchalter.com
BUCHALTER, A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205
T: (503) 226-1191

**Thomas J. Speiss, III** (*pro hac vice*)
Email: tspeiss@swlaw.com
Snell & Wilmer L.L.P.
350 S. Grand Avenue, Suite 3100
Los Angeles, CA 90071-3420
T: (213) 929-2635

Attorneys for Plaintiff


# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| GREEN BUILDING INITIATIVE, INC., an Oregon non-profit corporation,<br><br>                 Plaintiff,<br><br>   v.<br><br>GREEN GLOBE INTERNATIONAL, INC., a Delaware corporation; STEVEN R. PEACOCK, an individual residing in California; GREEN GLOBE LIMITED, a company of the United Kingdom; GREEN CERTIFICATIONS, INC., a California corporation; and, DOES 1-10, inclusive,<br><br>                 Defendants. | Case No. 3:24-cv-00298-SI<br><br>PLAINTIFF'S MOTION FOR INTERIM ATTORNEY FEES |

PAGE 1   PLAINTIFF'S MOTION FOR INTERIM ATTORNEY FEES

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205-3325
Telephone: 503.226.1191

## CERTIFICATE OF COMPLIANCE

As per LR 7-1(a), counsel for Plaintiff Green Building Initiative, Inc. conferred with counsel for Defendants Green Globe Limited and Steven R. Peacock ("Peacock Defendants") regarding the motion for interim attorney fees. The parties were unable to resolve the dispute.

## MOTION AND SUPPORTING MEMORANDUM

Under ORS 31.152(3), Plaintiff Green Building Initiative, Inc. ("GBI") moves the Court for an award of attorney fees in the amount of $29,061.50. ORS 31.152(3) instructs that the Court "shall" award attorney fees to a prevailing anti-SLAPP movant. The parties disagree about whether Plaintiff prevailed by obtaining a dismissal with Peacock Defendants' leave to amend. Yet, as the pertinent case law demonstrates, under Oregon law, an anti-SLAPP movant prevails even if the dismissal does not end the litigation.

**A.    Plaintiff prevailed on its anti-SLAPP motion against the Peacock Defendants' counterclaims for "intentional interference with economic relations" and "unfair and deceptive trade practices."**

ORS 31.152(3) states that "[a] defendant who prevails on a special motion to strike made under ORS 31.150 shall be awarded reasonable attorney fees and costs." In the context of an anti-SLAPP motion to strike, "prevail" simply means "to secure a favorable ruling on the motion." "Prevail" means "to gain victory by virtue of strength or superiority." *Chinese Consol. Benevolent Assn. v. Chin*, 316 Or. App. 514, 519 (2021) (noting "prevail" simply means to "gain victory by virtue of strength or superiority." Because GBI secured a favorable ruling on its anti-SLAPP motion, it is entitled to recover fees. *See* Order granting GBI's anti-SLAPP motion to strike, *Green Bldg. Initiative, Inc. v. Peacock*, No. 3:24-CV-298-SI, 2025 WL 1434993 (D. Or. May 19, 2025).

PAGE 2    PLAINTIFF'S MOTION FOR INTERIM ATTORNEY FEES

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205-3325
Telephone: 503.226.1191

Oregon's anti-SLAPP statute does not require GBI to have secured dismissal without leave to amend to secure fees.[1] Moreover, the legislature specifically contemplated that litigation might continue even after an anti-SLAPP movant "prevails." The statute only requires dismissal without prejudice. ORS 31.150(1). This is what GBI secured. *See Green Bldg. Initiative, Inc. v. Peacock*, No. 3:24-CV-298-SI, 2025 WL 1434993 (D. Or. May 19, 2025). ORS 31.152(4)(a) even contemplates that a *voluntary* dismissal without prejudice that was subject to an anti-SLAPP motion to strike does not affect a prevailing party's right to seek attorney fees on that claim if the court adjudged them to be meritless. Either way, winning an anti-SLAPP motion results in an attorney fee award because the movant has prevailed.

Finally, ORS 31.152(6) provides that all provisions of the anti-SLAPP statute "are to be liberally construed in favor of the exercise of the rights described in ORS 31.150(2)." In line with this construction, it should be immaterial that Defendants were given leave to amend their counterclaims following the court's granting of GBI's motion to strike. That is because the attorney fee provision, ORS 31.152(3), is central to the purposes of the anti-SLAPP statute. *Cider Riot, LLC v. Patriot Prayer USA, LLC,* 330 Or. App. 354, 370 (2024); *Chinese Consol.*, 316 Or. App. at 528 (Kamins, J., dissenting) (collecting anti-SLAPP legislative history about importance of attorney fees recovery and chilling effect of expense).

**B.    The Court should award $29,061.50 in attorney fees.**

To determine the amount of attorney fees to award, the Court determines a reasonable amount of time expended multiplied by a reasonable rate. *Owens v. State Farm Fire and Cas. Co.*, WL 4014542, at **3-5 (D. Or. June 14, 2023). While the Court is overseeing GBI's claims based

---

[1] Moreover, even if it did, the fact that Defendants did not amend their counterclaims within the time to do so is itself telling about the merits of their claims.

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205-3325
Telephone: 503.226.1191

on federal question jurisdiction, Defendants' counterclaims were state-law based claims that this Court is overseeing because of its pendant jurisdiction. Accordingly, it may consider the factors listed in ORS 20.075 for assessing fees. *Id.* at *3 (applying ORS 20.075 factors in case where court was overseeing matter on basis of diversity jurisdiction).

1.    **The court should award attorney fees at hourly rates of $605 for Mr. Larsen, $460 for Mr. Bernstein, $600 for Mr. Speiss, and $285 for Ms. Tait.**

    a.    **The Court should award fees at rates reasonable for Portland or Oregon as a whole.**

Anti-SLAPP litigation is a specialized area of law, which involves knowledge of Oregon business tort law.

The Court thus should compare the requested rates to those reasonable in Portland or in Oregon as a whole. This Court's opinion in *Owens v. State Farm Fire and Casualty Co.*, 2023 WL 4014542, at *7 (D. Or. June 14, 2023), which was pending in the Pendleton Division after removal from Baker County Circuit Court, is directly on point. Rather than limit the inquiry to Eastern Oregon, the Court looked to rates for Oregon as a whole because, as is the case here, the opposing party's counsel were located in Portland, and plaintiff submitted a declaration indicating that he had not located in Eastern Oregon an available attorney with the necessary expertise. *Id.*

    b.    **Hourly rates of $605 for Mr. Larsen, $600 for Mr. Speiss, and $460 for Mr. Bernstein are reasonable.**

Mr. Larsen is a commercial litigator, with a particular focus on intellectual property business disputes, and has litigated anti-SLAPP matters in Portland previously. He received his B.S. from the University of Wisconsin in 1990 and J.D., cum laude from Northwestern School of Law, Lewis and Clark College in 1994. He was admitted to the Oregon State Bar in 1994, and is also admitted to practice in Washington and to the United States District Court for the District of Oregon, and the United States District Court for the Eastern and Western District of Washington,

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205-3325
Telephone: 503.226.1191

and in the Ninth Circuit Court of Appeals. From 1994-1996, he clerked for the Honorable Robert E. Jones of the United States District Court for the District of Oregon. He then joined the law firm of Ater Wynne LLP which, in 2019, merged with Buchalter.

A rate of $605 per hour, for Mr. Larsen's work on this matter is reasonable for an attorney with over 30 years of experience litigating commercial and intellectual property disputes, including anti-SLAPP litigation. *See* Larsen Declaration, Exhibit A, 2024 Morones Survey of Commercial Litigation Fees, Portland, 2024 Update (noting that for attorneys with over 30 years of experience, the median hourly rate was $713 and the average rate was $723). In 2023, the Arbitration Service of Portland found Mr. Larsen's then-rate of $550 to be reasonable in a fee award following an arbitration hearing. *See* Larsen Declaration at ¶ 4.

Mr. Speiss is an intellectual property litigator. He received his B.S. from James Madison University in 1993, J.D. from the Villanova University School of Law in 1997, and his M.B.A. from the University of Southern California in 2005. He was admitted to the California State Bar in 1999 and is also admitted to practice law in all district courts in California, the District of Colorado, and in the Ninth Circuit Court of Appeals. In his career, Mr. Speiss has appeared in 47 intellectual property actions in the Central District of California, as well as numerous other intellectual property actions in California Federal Courts, the District of Colorado, the District of Massachusetts, the District of Oregon, the Northern District of Illinois, and the Western District of Wisconsin. Mr. Speiss further has participated as lead (non-appearing) counsel in actions in the Eastern District of Virginia and the Southern District of Florida. Mr. Speiss further has appeared in more than 160 trademark opposition and cancellation proceedings in front of Trademark Trial and Appeal Board, which is part of the United States Patent and Trademark Office. At a rate of

PAGE 5    PLAINTIFF'S MOTION FOR INTERIM ATTORNEY FEES

$600 per hour, for Mr. Speiss's work on this matter is reasonable for an attorney with over 25 years of experience in litigating intellectual property disputes.

Mr. Bernstein is a commercial litigator, and has similarly litigated intellectual property business disputes in numerous federal courts across the country for almost ten years. Mr. Bernstein received his B.A. in Political Science, with honors, magna cum laude from The Ohio State University, and his J.D. cum laude from Washington University in St. Louis School of Law. After law school, he served as law clerk for the Honorable Joseph R. Goodwin of the U.S. District Court for the Southern District of West Virginia. He became licensed to practice law in the State of Ohio in 2015, and spent seven years with a nationwide law firm based in Cleveland, Ohio. He was admitted to the Oregon State Bar in 2023, and is also admitted to practice in Washington and numerous other federal district and appellate circuit courts, including the Federal Circuit Court of Appeals.

At a rate of $460 per hour, Mr. Bernstein's work is more than reasonable. Mr. Bernstein's rate falls below the average and median rate of 10-year commercial litigators in Portland (at $556 and $530, respectively). He has ample experience in this area of law, and has been working on this matter for over a year.

Ms. Tait provided invaluable paralegal assistance with certain legal research (as a J.D. educated paralegal) and assistance in crafting the anti-SLAPP motion. Her hourly rate of $285 is entirely reasonable as she has decades of providing advanced legal research and drafting assistance to attorneys in the Portland area, including in prior anti-SLAPP motions.

The Court should award attorney fees at the foregoing, reasonable market rates. *See Colby v. Gunson*, 349 Or. 1, 5 (2010)

PAGE 6    PLAINTIFF'S MOTION FOR INTERIM ATTORNEY FEES

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205-3325
Telephone: 503.226.1191

2.      10.7 hours for Mr. Larsen, 14.8 hours for Mr. Speiss, 25.6 hours for Mr.
        Bernstein, and 6.6 hours for Ms. Tait are reasonable.

GBI seeks to recover for the work of Messrs. Larsen, Bernstein, and Speiss as follows:

|           | Rate  | Hours | Total       |
|-----------|-------|-------|-------------|
| Larsen    | $605  | 10.7  | $6,473.50   |
| Bernstein | $460  | 25.6  | $11,776.00  |
| Speiss    | $600  | 14.8  | $8,800.00   |

The time was spent doing the following tasks:

- Initial research and drafting of the anti-SLAPP motion to strike, initially by
  Mr. Bernstein, with later assistance and input from Mr. Larsen and
  Mr. Speiss.

- Subsequently, Mr. Bernstein, Mr. Larsen, and Mr. Speiss conducted
  additional analysis and follow-up research after receiving the defendants'
  opposition to the anti-SLAPP motion.

- Finally, Mr. Bernstein, Mr. Larsen, and Mr. Speiss prepared the reply brief
  in support of its motion.

A further breakdown of time spent and being sought in fees is included as Exhibit B to
the Larsen Declaration.

**C.      The ORS 20.075 factors support the amount of fees GBI seeks.**

ORS 20.075 outlines 17 factors that courts examine when awarding attorney fees.
ORS 20.075 is broken into two subparts; the first one generally applies when a court is evaluating
<u>whether</u> to award fees. However, where, as here, a fees award is mandatory, the Court looks to
both subparts in determining the amount of fees. *Robinson v. DeFazio*, 284 Or. App. 98, 103-10

PAGE 7    PLAINTIFF'S MOTION FOR INTERIM ATTORNEY FEES

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205-3325
Telephone: 503.226.1191

(2017) (anti-SLAPP context); *Holt*, 2024 WL 2941393 at *2. The first set of factors are discussed one-by-one, and the second set of factors are discussed as relevant.

 **Factor (1a)** – conduct of the parties in the transactions or occurrences that gave rise to the litigation – This factor favors GBI. GBI was prosecuting its rights as trademark holder against blatant infringement when countersued for conducting lawful activity in exactly the manner in which the anti-SLAPP statute is designed to deter.

 **Factor (1b)** – objective reasonableness of the claims – As the Court determined, defendants failed to plead a claim as to their second and third counterclaims which were struck after GBI's anti-SLAPP motion. While the court gave time for the defendants to replead their claims, they failed to do so, demonstrating that such claims lacked any objective reasonableness.

 **Factor (1c)** – The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases – A counterclaimant with proper counterclaims, supported by facts, and not strictly developed as a whiplash reaction to litigation need not fear any attorney fees under the circumstances of this litigation. Accordingly, this factor also favors GBI.

 **Factor (1d)** – The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses – To the extent that the concern for additional fees gave defendants pause from re-filing more meritless counterclaims, it appears that this factor is already working in GBI's favor. GBI conferred with defendants prior to filing the anti-SLAPP motion in hopes of avoiding motion practice, but was unsuccessful because the defendants challenged the factual underpinnings of what GBI argued in its motion.

 **Factor (1e)** – The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings – While this litigation has been contentious, GBI does

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205-3325
Telephone: 503.226.1191

not have any current complaints about defendants' Oregon local counsel. However, because GBI only filed this motion after several failed attempts at conferring on larger issues or even this motion were unsuccessful, GBI believes this factor favors fees.

**Factor (1f)** – The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute – As noted, GBI sought to avoid motions practice to no avail, and has attempted to resolve this dispute (on a global and individual defendant level) to a similar lack of success.

**Factor (1g, 1h)** – Factors 1g and 1h do not apply.

**Factor (2a)** – Anti-SLAPP work is a specialized area of law, one that continues to evolve fairly quickly, especially in the commercial context and even more so when considering commercial disputes in light of copyright infringement claims. And anti-SLAPP motions are essentially dispositive motions that require all parties to investigate all known facts and boil it down to a motion to strike/dismiss. The number of hours of attorney and paralegal time incurred by GBI's counsel was reasonable under the circumstances.

**Factor (2c)** – As noted above in Section B.1, the requested hourly rates are reasonable for similar litigators in the Portland area.

**Factor (2d)** – GBI has suffered intense damage as a result of defendants' willful trademark infringement, in an amount still to be determined. It has likely suffered irreparable harm as a result of trademark confusion, and will need to seek additional injunctive relief to resolve its ongoing issues with defendants. To stem its loses, GBI was forced to file this anti-SLAPP motion to ward off meritless counterclaims that would distract from GBI obtaining its intended result.

**Factor (2g)** – As discussed above in Section B.1.b, the rates sought are appropriate for Mr. Larsen, Mr. Speiss, Mr. Bernstein and Ms. Tait, based on experience and reputation.

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205-3325
Telephone: 503.226.1191

As seen above, the factors specified under ORS 20.075 (to the extent they apply) each suggests an award of fees. Such factors further demonstrate that the full amount requested is appropriate under the present circumstances.

**D.    Conclusion**

For the foregoing reasons, Oregon law demonstrates that attorneys' fees are appropriate awarded in this situation, and should be given in the fully requested amount. Accordingly, the Court should award attorney fees in the total amount of **$29,061.50**.

Respectfully submitted this 29th day of July, 2025.

BUCHALTER, A Professional Corporation


/s/ Daniel P. Larsen
Daniel P. Larsen, OSB No. 943645
Email: dlarsen@buchalter.com
David A. Bernstein, OSB No. 235633
Email: dbernstein@buchalter.com
805 SW Broadway, Suite 1500
Portland, OR 97205
T: (503) 226-1191

Attorneys for Plaintiff

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205-3325
Telephone: 503.226.1191