Julie Engbloom, OSB No. 066988
Vera Warren, OSB No. 194747
TADJEDIN THOMAS & ENGBLOOM LAW GROUP LLP
1211 NW Glisan Street, Suite 203
Portland, Oregon 97209
Tel: 503-546-0675
juliee@ttelawgroup.com
veraw@ttelawgroup.com

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| GREEN BUILDING INITIATIVE, INC., an Oregon non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>GREEN GLOBE INTERNATIONAL, INC., a Delaware corporation; STEVEN R. PEACOCK, an individual residing in California; GREEN GLOBE LIMITED, a company of the United Kingdom; GREEN CERTIFICATIONS, INC., a California corporation; and, DOES 1-10, inclusive,<br><br>Defendants. | Case No. 3:24-cv-00298-SI<br><br>**DEFENDANTS GREEN GLOBE LIMITED AND STEVEN R. PEACOCK'S RESPONSE IN OPPOSITION TO PLAINTIFF GREEN BUILDING INITIATIVE, INC.'s INTERIM MOTION FOR ATTORNEY'S FEES** |

**RESPONSE IN OPPOSITION**

Defendant Green Globe, Ltd., a corporation organized under the laws of the United Kingdom, ("GGL") and Defendant Steven R. Peacock, an individual, ("Peacock") collectively "Defendants," respectfully submit this response in opposition (the "Response") to the Interim Motion for Attorneys' Fees of Plaintiff Green Building Initiative, Inc., ("GBI" or "Plaintiff") for attorney's fees incurred in connection with their Anti-SLAPP Motion to Strike (the "Motion") the Counterclaims of Defendants.

Page 1 – **DEFENDANTS GREEN GLOBE, LTD. AND STEVEN R. PEACOCK'S RESPONSE IN OPPOSITION TO PLAINTIFF GREEN BUILDING INITIATIVE, INC.'S INTERIM MOTION FOR ATTORNEY'S FEES**

I.      INTRODUCTION

First, a ruling on the Plaintiff's Motion should be stayed under Federal Rule of Civil Procedure 54 until the time at which the case in chief is determined on its merits, as all three causes of action at issue in the Plaintiff's complaint (the "Complaint") contain either contractual or statutory provisions for attorney's fees. To wit: Breach of Contract (the Settlement and Consent Decree); Trademark Infringement (15 U.S. Code § 1115, 116, 1117); and Unfair Competition (15 U.S. Code § 1125(a)). One way or another, there will be additional fee motions presented later in these proceedings. The present determination is premature and not in the interest of efficient litigation to consider such matters piecemeal.

Second, Plaintiff's Motion overcalculates the time reasonably necessary to litigate an Anti-SLAPP Motion and, if granted, should be subject to reduction. Plaintiff's Motion and time entries include time spent on non-SLAPP related arguments, duplicative time entries, unreasonable hourly rates, etc. As such, the requested award should be reduced by this Court.

II.     ARGUMENT

A.  **An Award of Attorney's Fees Is Premature.**

Plaintiff GBI's Motion runs counter to Federal Rule of Civil Procedure 54, which provides that, *"*Unless a statute or a court order provides otherwise, the motion must (for attorney's fees) be filed no later than 14 days after the entry of judgment." This "instructs parties to make claims for attorney's fees by motion after judgment has been entered unless the substantive law requires those fees to be proved at trial as an element of damages." *See*, *Cagle v. Sattler*, *as trustee of Toni Jean Reitman Revocable Living Tr.*, 761 F. Supp. 3d 1357, 1366-67 (D. Or. 2025), a recent case involving an Anti-SLAPP motion decided in this district. In *Cagle*, this Court opined on whether to entertain a motion for fees mid-case, finding that because a fee claim remained in the case and because the

amount of fees did not need to be proven at trial, the motion for fees was premature. The same outcome is warranted here, and the Court should stay this motion or dismiss it with leave to re-file once all of the claims in the case have been litigated to a final judgment. This is particularly the case because the remaining claims also have an attorney fee component, therefore, the appropriate time for a determination of all attorney's fees is after the final judgment.

Language from the Court's May 19, 2025 Order (the "Order") indicates there are fundamental problems with the Plaintiff's case in chief, stating "Plaintiff GBI, asserts a breach of contract claim against Defendants, alleging that Defendants violated the terms of the 2010 Settlement Agreement. *See* ECF ¶¶ 46-50. GBI, however, does not appear to have formed a contract with either Peacock or GGL."

If Plaintiff GBI does not have a valid contract claim with Defendants GGL and Peacock, the only remaining claims GBI has are for trademark infringement and unfair competition. Both claims (specifically at ¶¶36-45, more specifically ¶37 and ¶43 of the Complaint) as articulated by GBI rely on actual use of the Green Globe Mark in manners claimed to be offensive to their own Green Globes mark and deceptive to the public in general. But if GGL and Peacock are not bound by the settlement agreement, have exclusively licensed its marks to Defendant Green Certifications ("GCI"), and hold a pre-existing use mark (as well as International Trademarks), the plausibility of prevailing on these claims rapidly erodes.

Moreover, Defendants GGL and Peacock have already sustained damage as a result of GBI's conscious decision not to notify parties it intended to bind a Settlement Agreement in Federal Trademark and Unfair Competition litigation. Defendant GGL's exclusive licensee, Defendant GCI, has withheld their 2024 annual license fee and claimed entitlement to indemnification for legal expenses incurred in connection with Plaintiff GBI's litigation. Regardless of whether such conduct

Page 3 – **DEFENDANTS GREEN GLOBE, LTD. AND STEVEN R. PEACOCK'S RESPONSE IN OPPOSITION TO PLAINTIFF GREEN BUILDING INITIATIVE, INC.'S INTERIM MOTION FOR ATTORNEY'S FEES**

is, for the time being, privileged, GGL has nonetheless sustained damages a result.

Whether this action of withholding the annual royalty fee constitutes a breach of said license has not yet been determined, but the stated reason for withholding the fee is the present litigation, albeit now bi-furcated between the Oregon District Court in Portland and the District Court for the Central District of California in Los Angeles.

The bottom line is that under FRCP 54, it is premature and inefficient to decide this matter piecemeal when larger fee motions remain on the horizon after a judgment on the merits has been entered.

### B. Although Statutorily Entitled, The Totality of Relevant Factors Weigh in Favor of a Fee Reduction.

As the Court is aware and as outlined in Plaintiff's motion, the factors to be considered in awarding attorney's fees are set forth at ORS 20.075, which are analyzed to determine the amount of a fee award in light of the conduct of the parties, inefficient and duplicative work, etc. Cumulatively these relevant factors weigh in favor of a significant reduction of the requested attorneys' fees.

With respect to the seventeen factors found in ORS 20.075, the Plaintiff conducts a cursory and conclusory analysis of each of these categories yielding self-proving results. For instance, at Factor 1(a), the conduct of the parties in the transaction, the Plaintiff presents itself as white knight trademark holder defending its rights. In actuality, Defendants hold their own valid marks, some of which pre-date the Plaintiff's. Indeed, despite believing it could enforce a Settlement, Consent Decree and Prior Judgment against these Defendants, Plaintiff elected not to notify them of any claimed violations or any opportunity to cure the same, but instead, rushed to Court against parties not signatories to the Consent Decree. No mention is made that the Plaintiff in early 2024 applied for trademarks in the United Arab Emirates (UAE), Mexico and Brazil for the purpose of competing

with Defendant GGL's marks in the UK, China, Australia and the European Union (EU).

Clearly it was Plaintiff GBI who was looking for a fight, and it should be forced to bear the costs of its own decision, at least until the time of judgment on the merits as per FRCP 54. While GBI may have a legitimate interest in expanding its business overseas, it should not be lost that its expansion attempts in 2008 and 2024 have both involved filing suit against GGL, the only other unique trademark holder in the world with a global brand.

Looking at Factor 1(b), the objective reasonableness of the claims/defenses, Plaintiff asserts that "While the court gave time for the defendants to replead their claims, they failed to do so, demonstrating that such claims lacked any objective reasonableness."  This conclusory statement fails to take numerous factors into account, including the fact that once discovery occurs, Defendants may unearth the evidence to support their counterclaims and seek leave to re-plead at that time.

As to willful delay, Plaintiff GBI and Defendants GGL and Peacock entered into numerous stipulations between May and November of 2024 to extend the time to respond to the Complaint (ostensibly for the purposes of pursuing settlement). Additionally, their respective legal counsel and the counsel for now dismissed Defendant GCI agreed to multiple stipulations to extend the time to respond to various motions. Given this amicable posture between opposing litigants, it is unplausible that Defendants GGL and Peacock saw the Countercomplaint as an opportunity to obtain an unfair delay in the proceedings.

Finally, with respect to the objective reasonableness in the pursuit of settlement, Factor 1(f), it is telling that Plaintiff refers only to the conferral efforts related to the bringing of its motion. It leaves out the fact that it has used mediation and informal settlement discussions in a way that is indicative of gamesmanship. Defendants have genuinely engaged in settlement repeated discussions and provided offers at the request of Plaintiff, none of which have resulted in a counteroffer. It is

Plaintiff who has refused to engage in good faith settlement efforts. (*See*, John Dolkart Declaration ¶ 6.) As such, these factors weigh in favor of the objective reasonability of Defendant GGL and Peacock's claim for fees.

### C. The Fees Claimed by Plaintiff Are Excessive and Subject to Reduction.

Plaintiff GBI claims it has incurred $29,061.50 in legal expenses in connection with its Motion. There is no need to contest the expertise of its legal counsel. It should be noted, however, that the claimed rates ($605 and $600/hour for the partners) are in the 95% statewide, well on the high end of the range (see discussion below), the Plaintiff's team used two separate senior attorneys, and many billing entries are not specifically Anti-SLAPP related (*see* Declaration of John E. Dolkart, Jr. Ex. 1), resulting in an unnecessarily high bill.

Together Mr. Larsen and Mr. Speiss spent 25.5 hours on their Motion, with a junior attorney, Mr. Bernstein, spending 25.6 hours, in addition to 6.6 hours for Ms. Tait, for a total of 57.7 hours. The use of four professionals with this level of expertise in their field to expend almost sixty hours to draft a motion and supporting reply without oral argument is unreasonable.

Additionally unclear is why two senior attorneys versus one were required or why two senior attorneys expended as much time as one junior attorney – 25.5 versus 25.6 hours. It is entirely unnecessary for two senior attorneys, Larsen and Speiss, to each expend 25 hours of time on top of the 25 hours expended by the associate.

According to the Oregon State Bar's 2022 Economic Findings Report, the mean hourly rate was $344 statewide and ranged between $269 to $401 regionally. (Declaration of John Dolkart, Ex. 2, p. 2.) Thus, as Plaintiff concedes in quoting *Owens v. State Farm Fire and Casualty Co.*, 2023 WL 4014542, at *7 (D. Or. June 14, 2023)*,* if the state-wide rates are to be considered, the rates at which Plaintiff GBI's legal counsel worked were well above the state averages. These rates incurred

by Plaintiff GBI are in the 95th percentile for rates state-wide and in downtown Portland according to the Oregon State Bar's 2022 Economic Findings Report (see pages 40 and 41).

In addition, there are significant redundancies. Note that based upon Plaintiff's Exhibit B, Speiss's work alone added another $8,800 to the bill for this Motion.

The number of hours spent by these senior individuals when they have collectively over fifty-five (55) years of experience and have appeared in well over fifty (50) intellectual property matters is not an efficient use of legal resources. For instance, the four-person legal team spent 8.3 hours reviewing the Answer and Counter Complaint and communicating between themselves before Mr. Bernstein spent ten hours drafting the Motion to Dismiss on February 7 and 10, 2025. Then despite a 2.5 hour meeting between Mr. Bernstein, Mr. Speiss and Mr. Larsen on February 11, 2025 and 2.5 hours more drafting time by Mr. Bernstein, the Motion was still not ready, requiring another 5.6 hours of time.

As noted above, and in the accompanying Declaration of John E. Dolkart, Jr., many of these time entries show they were not purely for the Anti-SLAPP portions of their Motion and are intermixed with other tasks not specifically related to Anti-SLAPP noted above. All of this has been identified in Exhibit 1 to the Dolkart Declaration.

Courts assess the reasonableness of the number of hours by examining the time, labor, skill and difficulty of issues along with the amount involved and the results obtained. *Gardner v. Martin*, No. 05-769, 2006 WL 2711777, at * 6 (D. Or. Sept. 19, 2006). As further stated in *Gardner*, where the more senior attorney decides to do most of the work himself, the court "expect[s] to see fewer hours billed than would be reasonably expended by a more junior attorney at a lower hourly rate." 2006 WL 2711777, *11. In kind with *Gardner,* this Court should expect to see the same level of efficiency in correlation with the attorney's experience. Instead, the amount of time billed is out of

Page 7 – **DEFENDANTS GREEN GLOBE, LTD. AND STEVEN R. PEACOCK'S RESPONSE IN OPPOSITION TO PLAINTIFF GREEN BUILDING INITIATIVE, INC.'S INTERIM MOTION FOR ATTORNEY'S FEES**

sync with the level of experience held by Plaintiff's counsel, and the time should be reduced accordingly.

## II.     CONCLUSION

WHEREFORE Defendants Green Globe, Ltd. and Steven Peacock pray for the Court to stay the Interim Motion for Attorney's Fees until the case can be decided on its merits and a judgment has been entered and regardless, any award should be significantly reduced.

| | |
|---|---|
| DATED: September 15, 2025 | DOLKART LAW, PC |
| | |
| | */s/ John E. Dolkart*<br>John E. Dolkart, Jr., CA SBN #259707 (*pro hac vice*)<br>DOLKART LAW, PC<br>100 Pine Street, Suite 1250<br>San Francisco, California 94111<br>Tel: 415-707-2717<br>john@dolkartlaw.com |
| DATED: September 15, 2025 | TADJEDIN, THOMAS & ENGBLOOM LAW GROUP, LLP |
| | */s/ Julie M. Engbloom*<br>Julie Engbloom, OSB No. 066988<br>Vera Warren, OSB No. 194747<br>TADJEDIN THOMAS & ENGBLOOM LAW GROUP LLP<br>1211 NW Glisan Street, Suite 203<br>Portland, Oregon 97209<br>Tel: 503-546-0675<br>juliee@ttelawgroup.com<br>veraw@ttelawgroup.com |