**Daniel P. Larsen**, OSB No. 943645
E-mail: dlarsen@buchalter.com
**David A. Bernstein**, OSB No. 235633
E-mail: dbernstein@buchalter.com
**BUCHALTER,** A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205
T (503) 226-1191

**Thomas J. Speiss, III** (*pro hac vice*)
E-mail: tspeiss@swlaw.com
Snell & Wilmer L.L.P.
350 S. Grand Avenue, Suite 3100
Los Angeles, CA 90071-3420
T (213) 929-2635

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

**GREEN BUILDING INITIATIVE, INC.**, an Oregon non-profit corporation,

Plaintiff,

v.

**GREEN GLOBE INTERNATIONAL, INC.**, a Delaware corporation; **STEVEN R. PEACOCK**, an individual residing in California; **GREEN GLOBE LIMITED**, a company of the United Kingdom; **GREEN CERTIFICATIONS, INC.**, a California corporation; and, DOES 1-10, inclusive,

Defendants.

Case No. 3:24-cv-00298-SI

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR INTERIM ATTORNEYS' FEES**

Page 1 PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR INTERIM ATTORNEYS' FEES

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205-3325
Telephone: 503.226.1191

BUCHALTER 95157495v2

## REPLY

### I. A Fee Award in Plaintiff's Favor Is Timely and Appropriate Under ORS 31.152.

Defendants' argument that a fee award is premature misinterprets both Federal Rule of Civil Procedure 54 and Oregon's anti-SLAPP statute. First, "[s]tate law governs attorney's fees awards based on state fee-shifting laws." *Graham-Sult v. Clainos*, 756 F.3d 724, 751 (9th Cir. 2014). Thus, while Rule 54(d)(2)(B) generally requires fee motions to be filed within 14 days of final judgment, the court must look to Oregon law to answer questions on timing. ORS 31.152(3) does just that: it mandates that "[a] defendant who prevails on a special motion to strike shall be awarded reasonable attorney fees and costs." Nothing within this provision requires a final judgment on the merits of the entire case. Federal courts applying Oregon's anti-SLAPP statute have consistently held that fee awards are appropriate immediately following resolution of the special motion to strike. See *Stell v. Cardenas*, No. 3:21-cv-00413-HZ, 2022 WL 1696093, at *6 (D. Or. May 26, 2022) ("Because Defendant prevailed on the Anti-SLAPP motion, he is entitled to reasonable attorney's fees and costs under ORS 31.152(3)."); *Page v. Parsons*, 249 F. Supp. 3d 998, 1017 (D. Or. 2017) (granting fees post-anti-SLAPP ruling without awaiting final judgment).

Defendants' reliance on *Cagle v. Sattler*, 761 F. Supp. 3d 1357 (D. Or. 2025), is misplaced. In *Cagle*, the court was considering a plaintiff's anti-SLAPP motion in the first instance and denied it. Separately, the court was considering a motion to strike a counterclaim for attorneys' fees after dismissing certain claims on jurisdictional grounds. *Id.* at 1366-67. Additionally, the court makes no mention in *Cagle* that any award for attorneys' fees in a successful motion would have to be requested within 14 days under Fed. R. Civ. P. 54. It simply is not there.

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205-3325
Telephone: 503.226.1191

In this case, the fee entitlement arises from a discrete statutory mechanism triggered by the Court's granting of Plaintiff's anti-SLAPP motion. Nothing under Oregon law requires that a request for attorneys' fees to have been made earlier than they were made.

**II. The Factors under ORS 20.075 Support Plaintiff's Requested Attorneys' Fees.**

As explained in Plaintiff's motion for interim attorneys' fees (ECF 75 at 8-10), Plaintiff's request for attorneys' fees is supported by each applicable factor discussed in ORS 20.075. Defendants object on three grounds: 1) that Defendants may create valid counterclaims that would not offend Oregon's anti-SLAPP statute after further discovery; 2) that Plaintiff granted extensions at various times throughout this case, which resulted in "willful delay," that counter against awarding attorneys' fees; and 3) that Plaintiff utilized mediation as a form of "gamesmanship" (Opp. at 5).

Defendants' initial objection—that they might later assert valid counterclaims—rings hollow in light of the Court's determination that their prior counterclaims stemmed from protected activity and were properly stricken under Oregon's anti-SLAPP statute. (Order, ECF 72, at 6-7.)

As to Defendants' second objection about "willful delay" (Opp. at 5), Plaintiff does not dispute that it amicably offered certain extensions to Defendants, but note that "willful delay" is not even a factor under ORS 20.075. Finally, Defendants' suggestions that Plaintiff has somehow delayed the resolution of this matter through misuse of mediation is meritless. Without waiving any confidentiality and only to respond to Defendants' improper allegations, Plaintiff has participated seriously and meaningfully throughout mediation and other settlement discussions and remains open to continuing those at any time. (Speiss Decl. at ¶¶ 2-4).

Plaintiff's requested rates are reasonable under Oregon case law as they reflect an average of local, Portland-based commercial litigation rates. Defendants incorrectly assert that *Owens v.*



BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205-3325
Telephone: 503.226.1191

*State Farm* stands for the proposition that averages for the entire state are the applicable measure. According to the court in *Owens,* "'prevailing market rates in the relevant community' set the reasonable hourly rates.'" *Owens v. State Farm Fire & Cas. Co.*, No. 2:22-CV-00119-HL, 2023 WL 4014542, at *5 (D. Or. June 14, 2023) (internal citations omitted). In *Owens*, the Bar considered the OSB's 2022 report as one possible source. Plaintiff's cited source, the 2024 Morones Survey of Commercial Litigation Fees, Portland, 2024 Update, has also been cited favorably and utilized by the court in the District of Oregon to determine the reasonableness of attorneys' fees. *See, e.g. League of Wilderness Defs./Blue Mountains Biodiversity Project v. U.S. Forest Serv*., No. 3:10-CV-01397-SI, 2014 WL 3546858, at *14 (D. Or. July 15, 2014).

Moreover, even if Defendants validly wanted to suggest another relevant source for attorneys' fees, the Oregon State Bar's report from *2022* is certainly no longer a meaningful resource for the court to assess the reasonableness of fees more than three years later at the end of 2025. As shown in Plaintiff's motion for interim attorneys' fees (Mot., ECF 75, at 5-6), the rates requested for Mr. Larsen, Mr. Speiss, and Mr. Bernstein are each at or below the average rates for commercial litigators in Portland. (*See also* Larsen Decl., ECF 75-1, at Ex. A.)

Defendants also object to the number of hours spent analyzing Defendants' legally improper counterclaims, conducting the necessary research to determine the validity of a potential anti-SLAPP motion, and then the time spent actually litigating that motion. Notably, though not unreasonable, Plaintiff could have also asserted time for preparing and litigating this motion for fees, which it does not. Plaintiff additionally conferred with Defendants' counsel and offered to allow them to withdraw their counterclaims, both before this motion was filed, as well as after Defendants' filed their opposition. Yet, Defendants refused, and so Plaintiff took appropriate actions: Plaintiff had to analyze and assess Defendants' three convoluted counterclaims.

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205-3325
Telephone: 503.226.1191

Accordingly, Plaintiff researched and prepared a comprehensive motion to dismiss which the court granted in its entirety. Contrary to Mr. Dolkart's assertions in his Declaration and Defendants' opposition, reviewing and analyzing Defendants' answer and counterclaims was essential to preparing the anti-SLAPP motion, as that is where Plaintiff identified that the counterclaims were based on conduct protected by Oregon's litigation privilege. Defendants incorrectly posit that Mr. Bernstein, an associate working this case, spent the same amount of time on this motion to strike and its associated filings as Mr. Larsen and Mr. Speiss. But that is simply incorrect. As Defendants do note, Mr. Bernstein actually spent as much time as Mr. Larsen and Mr. Speiss did collectively in the requested fees. This is not unreasonable as Mr. Bernstein drafted the initial versions of each pleading, with Mr. Speiss and Mr. Larsen then dividing up review and further drafting of arguments and analysis.

The complexity and somewhat novel arguments presented in the motion to strike claims for intentional interference with economic relations and unfair and deceptive trade practices required the diligence, expertise, and time spent by each Mr. Larsen, Mr. Speiss, Mr. Bernstein.

Accordingly, both the requested attorney fee hourly rate and the requested amount of attorneys' fees are reasonable and appropriate in this particular case, as directed by the factors set forth in ORS 20.075.

///

///

///

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205-3325
Telephone: 503.226.1191

## III. Conclusion

For the reasons demonstrated above, Plaintiff's interim fee request is both reasonable and authorized under ORS 31.150 and 152. Accordingly, the court should grant Plaintiff its fully requested amount of fees.

Respectfully submitted this 14th day of October, 2025.

BUCHALTER, A Professional Corporation

/s/ David A. Bernstein
Daniel P. Larsen, OSB No. 943645
Email: dlarsen@buchalter.com
David A. Bernstein, OSB No. 235633
Email: dbernstein@buchalter.com

Attorneys for Plaintiff

Page 6 PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR INTERIM ATTORNEYS' FEES

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205-3325
Telephone: 503.226.1191

BUCHALTER 95157495v2