IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **GREEN BUILDING INITIATIVE, INC.**, an Oregon non-profit corporation<br><br>       Plaintiff,<br><br>       v.<br><br>**STEPHEN R. PEACOCK**, an individual residing in California; and **GREEN GLOBE LIMITED**, a company based in the United Kingdom,<br><br>       Defendants. | Case No. 3:24-cv-298-SI<br><br>**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR INTERIM ATTORNEY'S FEES AND ORDER TO SHOW CAUSE** |

Daniel P. Larsen and David A. Bernstein, BUCHALTER PC, 805 SW Broadway, Suite 1500, Portland OR 97205; and Thomas J. Speiss, SNELL & WILMER LLP, 350 Grand Avenue, Suite 3100, Los Angeles, CA 90071. Of Attorneys for Plaintiff.

Julie Engbloom and Vera Warren, TADJEDIN THOMAS & ENGBLOOM LAW GROUP LLP, 1211 NW Glisan Street, Suite 203, Portland Oregon 97209. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

   Green Building Initiative, Inc. ("GBI") sued Stephen R. Peacock and Green Globe

Limited (collectively, "Defendants") for trademark infringement, unfair competition, breach of

contract, and deceptive trade practices under Oregon law. In February 2025, GBI moved to strike

two of Defendants' counterclaims pursuant to Oregon's anti-SLAPP statute, Oregon Revised

PAGE 1 – OPINION AND ORDER

Statute ("ORS") § 31.150 ("Motion to Strike"). The Court granted the Motion to Strike in May 2025 without prejudice. Now before the Court is GBI's Motion for Interim Attorney's Fees in the amount of $29,061.50, pursuant to ORS § 31.152(3). ECF 85 ("Fees Motion").

ORS § 31.152(3) provides: "A defendant who prevails on a special motion to strike made under ORS [§] 31.150 shall be awarded reasonable attorney fees and costs." GBI argues that, because the Court granted the Motion to Strike, it prevailed for purposes of ORS § 31.152 and therefore is entitled to reasonable fees. Defendants urge the Court to reserve ruling on the Fees Motion until the case is determined on the merits. In response, GBI argues that nothing in the Oregon statute forecloses an interim fee award before final judgment, and "[f]ederal courts applying Oregon's anti-SLAPP statute have consistently held that fee awards are appropriate immediately following resolution of the special motion to strike." *See* ECF 85 at 2.

In support of the latter point, GBI cites *Stell v. Cardenas*, No. 3:21-cv-413-HZ, 2022 WL 1696093, at *6 (D. Or. May 26, 2022), and *Page v. Parsons*, 249 F. Supp. 3d 998, 1017 (D. Or. 2017). *Stell*, however, is totally fake; it is an "hallucinated" case. There is no case at 2022 WL 1696093. Nor does there exist a case with the parties "Stell" and "Cardenas" (in either orientation—in the District of Oregon or elsewhere). Moreover, Case No. 3:21-cv-413 is a real case, styled *JS Halberstam Irrevocable Grantor Trust v. Davis*, and it was presided over by the undersigned ("SI"), not U.S. District Judge Hernández ("HZ"). Further, that case was closed by judgment on May 9, 2022, and no decision was issued on May 26, 2022.

*Page v. Parsons* is almost real. There is a case titled *Page v. Parsons* that discusses the Oregon anti-SLAPP statute, but it is not a federal case from the District of Oregon. *See Page v. Parsons*, 249 Or. App. 445 (2012). *Page*, however, does not discuss when fees are due or may be advanced under the statute. And as a matter of logic, that Oregon Court of Appeals decision

PAGE 2 – OPINION AND ORDER

cannot support the proposition that GBI cited it for—that *federal courts* applying Oregon's anti-SLAPP statute have consistently held that fee awards are appropriate immediately following resolution of the special motion to strike. Indeed, a basic internet search easily reveals both the real citation for *Page v. Parsons*, and the real case listed at 249 F. Supp. 3d 998 (a death penalty habeas decision from the Eighth Circuit). *See Deck v. Steele*, 249 F. Supp. 3d 991, 998 (E. D. Mo. Apr. 13, 2017), *rev'd and remanded*, *Deck v. Jennings*, 978 F.3d 578 (8th Cir. 2020).

GBI's fake case citations appear to be hallmarks of a generative artificial intelligence ("AI") tool, such as ChatGPT. For some time, it has been well known—and well-publicized—that generative AI tools "hallucinate" fake cases. *See Kruse v. Karlen*, 692 S.W.3d 43, 52 (Mo. Ct. App. 2024) (noting, in February 2024, that the issue of fictitious cases being submitted to courts had gained "national attention"); *see also* Isabel Gottlieb & Isaiah Poritz, *Legal Errors by Top AI Models "Alarmingly Prevalent," Study Says*, BLOOMBERG LAW (Jan 12, 2024) (explaining that, in a test examining more than 200,000 legal questions, AI researchers at Stanford University found that general-purpose large language models hallucinate at least 75% of the time when answering questions about a court's rulings). As another court recently explained:

> Attorneys should understand that chatbots, including legal 'AI' chatbots, are large-language models (LLMs), not a true 'artificial intelligence' out of the pages of science fiction. They are not designed to answer questions factually. They are designed to mimic patterns of words, probabilistically. When they are 'right,' it is because correct things are often written down in the dataset they were trained on.

*Seither & Cherry Quad Cities, Inc. v. Oakland Automation, LLC*, 2025 WL 2105286, at *1 (E.D. Mich. July 28, 2025) (footnote omitted).

PAGE 3 – OPINION AND ORDER

Just as well-known are the ethical obligations of attorneys who choose to use generative AI when drafting court filings.[1] This year, the Oregon State Bar explicitly warned attorneys that:

> The most obvious way in which a lawyer could run afoul of Oregon RPCs [Rules of Professional Conduct] 3.3 [Candor] and 4.1 [Truthfulness] is through the submission of and reliance on unverified and fictitious cases, citations, quotes, or conclusions generated by AI. Therefore, to avoid violation of Oregon RPCs 3.3 and 4.1, lawyers must review for accuracy any GAI output discussing case-specific facts or providing a case citation, quotation, or conclusion to ensure that the GAI did not hallucinate when providing its answer, or simply get the answer wrong.

Oregon State Bar, Formal Opinion No. 2025-205, *Artificial Intelligence Tools* (February 2025).

Rule 11 of the Federal Rules of Civil Procedure, titled "Representations to the Court," "imposes a duty of 'reasonable inquiry'" to ensure, among other things, that "anything filed with the court is . . . [']legally tenable.'" *Islamic Shura Council of S. Cal. v. FBI*, 757 F.3d 870, 872 (9th Cir. 2014) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)). Rule 11(b) provides in relevant part:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, *formed after an inquiry reasonable under the circumstances*:
>
> . . . .
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]

---

[1] *See, e.g.*, Benjamin Weiser, *Here's What Happens When Your Lawyer Uses ChatGPT*, N.Y. TIMES (May 27, 2023); Larry Neumeister, *Lawyers Submitted Bogus Case Law Created by ChatGPT. A Judge Fined Them $5,000*, ASSOCIATED PRESS (June 22, 2023); Erin Mulvaney, *Judge Sanctions Lawyers Who Filed Fake ChatGPT Legal Research*, WALL ST. J. (June 22, 2023); LegalEagle, *How to Use ChatGPT to Ruin Your Legal Career*, YouTube.com (June 10, 2023), https://www.youtube.com/watch?v=oqSYljRYDEM.

(emphasis added). As one court explained when addressing how Rule 11 applies when counsel submits a filing that relies on fake cases:

> A fake opinion is not "existing law" and citation to a fake opinion does not provide a non-frivolous ground for extending, modifying, or reversing existing law, or for establishing new law. An attempt to persuade a court or oppose an adversary by relying on fake opinions is an abuse of the adversary system.

*Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 461 (S.D.N.Y. 2023) (footnote omitted).

For these sorts of violations, sanctions may be imposed. Under Rule 11, "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any . . . party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). The Court will follow that process here.

GBI is hereby ordered to show cause within two weeks as to why the Court should not issue sanctions on both GBI and its counsel for the use of fake citations in violation of Rule 11(b). GBI is also ordered to disclose what it believes to be an appropriate sanction. GBI's proposed sanctions should reflect the nature and seriousness of its use of fake citations and appropriate steps to ensure that this type of violation will not occur again.

Further, the Court agrees with Defendants that the Fees Motion is premature. Rule 54(2)(B)(i) of the Federal Rules of Civil Procedure provides that a motion for attorney's fees must "be filed no later than 14 days after the entry of judgment" unless a statute or court order provides otherwise. Although GBI argues that state law governs attorney's fees awards, nothing in ORS § 31.152 dictates the *timing* of the fee award. GBI points to no case or statute requiring the Court to order an interim fee award before the entry of final judgment, nor does GBI cite any real case where a federal court has advanced fees under similar circumstances.

Additionally, awarding an interim fee award would be especially imprudent here. Because the Court granted GBI's Motion to Strike without prejudice, Defendants may replead

PAGE 5 – OPINION AND ORDER

the stricken counterclaims. It would be a waste of the Court's and the parties' resources to calculate and advance fees pertaining to the counterclaims, especially if Defendants can successfully replead. Further, after entry of judgment, there may also be offsetting fees.

The Court DENIES without prejudice GBI's Fees Motion. ECF 75. The Court also ORDERS GBI to show cause not later than November 10, 2025, why sanctions should not be imposed under Rule 11(b) for GBI's citation of hallucinated cases. In that filing, GBI also shall propose appropriate sanctions for GBI and its counsel, if the Court concludes that sanctions should be imposed.

**IT IS SO ORDERED.**

DATED this 27th day of October, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge