**Daniel P. Larsen**, OSB No. 943645
E-mail: dlarsen@buchalter.com
**David A. Bernstein**, OSB No. 235633
E-mail: dbernstein@buchalter.com
**BUCHALTER,** A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205
T (503) 226-1191

**Thomas J. Speiss, III** (*pro hac vice*)
E-mail: tspeiss@swlaw.com
Snell & Wilmer L.L.P.
350 S. Grand Avenue, Suite 3100
Los Angeles, CA 90071-3420
T (213) 929-2635

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **GREEN BUILDING INITIATIVE, INC.**, an Oregon non-profit corporation, <br><br> Plaintiff, <br><br> v. <br><br> **GREEN GLOBE INTERNATIONAL, INC.**, a Delaware corporation; **STEVEN R. PEACOCK**, an individual residing in California; **GREEN GLOBE LIMITED**, a company of the United Kingdom; **GREEN CERTIFICATIONS, INC.**, a California corporation; and, DOES 1-10, inclusive, <br><br> Defendants. | Case No. 3:24-cv-00298-SI <br><br> **DECLARATION OF DAVID J. ELKANICH** |

Page 1    DECLARATION OF DAVID J. ELKANICH

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205-3325
Telephone: 503.226.1191

BUCHALTER 106419157v2

I, David J. Elkanich, declare as follows:

1. I am a shareholder attorney at Buchalter, a Professional Corporation, counsel for Plaintiff Green Building Initiative, Inc. ("GBI" or "Plaintiff"). I am the managing shareholder of Buchalter's Portland, Oregon office, and I am the chairperson of Buchalter's Professional Responsibility Group. I have personal knowledge of the facts stated in my declaration, and I am competent to testify regarding them.

2. I have worked in Buchalter's Portland office with Daniel Larsen and David Bernstein for a number of years now, and I know them to be trusted, competent attorneys at Buchalter. I have reviewed the Court's October 27, 2025 Show Cause Order ("OSC"), and I have spoken with Messrs. Larsen and Bernstein, as well as a number of other people now involved in this matter since the issuance of the OSC. I am thus aware that Mr. Bernstein utilized a generative artificial intelligence product, Microsoft Copilot, to help revise a portion of Plaintiff's Reply brief in support of its Motion for Attorney's Fees, which generated two hallucinated case citations that were included in the final Reply brief filed with the Court.

3. I was dismayed to learn of this. On behalf of Buchalter, I offer my sincerest apologies for this error. Buchalter is well aware of the *many* risks associated with the use of generative AI in connection with legal work. As chair of Buchalter's Professional Responsibility Group, I am personally involved in working with others in the firm to ensure that our attorneys are aware of and follow the rules of ethics and other standards of care applicable to all attorneys. I have presented numerous CLE trainings within the firm on a variety of ethics-related topics. I also have advised our firm's management on the ethical rules related to AI so that they can make sure our firm policies governing the use of AI are sufficient and up-to-date.

Page 2   DECLARATION OF DAVID J. ELKANICH

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205-3325
Telephone: 503.226.1191

BUCHALTER 106419157v2

4. Buchalter has a strict policy regarding the use of AI. Every Buchalter attorney has been informed of Buchalter's AI policy multiple times, and Buchalter employs ongoing, frequent efforts to inform its attorneys of its AI policy and of the risks associated with the use of AI, and specifically generative AI. Buchalter's AI policy is prominently displayed and available to all employees on Buchalter's internal "intranet" website. As part of Buchalter's technology committee, it has an "AI Subcommittee" which, among other things, vets AI products, researches the most recent developments in methods of risk mitigation, ethical rules, and uses of AI in the legal profession.

5. Under Buchalter's AI policy, attorneys are prohibited from using any generative AI technology unless it is a product specifically approved by Buchalter's AI committee. Also, attorneys using generative AI are, among other things, required to (a) inform all supervising attorneys that AI has been used, (b) comply with all ethical rules, and (c) independently confirm the accuracy of all AI output. Furthermore, whether or not using generative AI, Buchalter attorneys (as with all attorneys) should review briefs and other court filings, and confirm the accuracy of case citations, before filing them with the court. Following just one of these steps could prevent the inadvertent inclusion of hallucinated cases in a brief.

6. If an attorney chooses to ignore all of these required safeguards, the attorney runs a great risk of AI-generated problems. I am aware that Buchalter's management is already working on measures to reiterate and reinforce the firm's AI Policy, including an email that the firmwide Litigation Chair sent to all litigation attorneys in every office, and a separate email sent by the firm's General Counsel to all attorneys in the firm, reminding them of the policy and of specific prohibited uses. I will continue working with firm management to develop methods and protocols aimed at prevention of misuse of generative AI.

Page 3   DECLARATION OF DAVID J. ELKANICH

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205-3325
Telephone: 503.226.1191

BUCHALTER 106419157v2

**I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY.**

DATED this 10th day of November, 2025.

/s/ David J. Elkanich
David J. Elkanich

Page 4   DECLARATION OF DAVID J. ELKANICH

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205-3325
Telephone: 503.226.1191

BUCHALTER 106419157v2